IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

THOMAS COLONNA, *et al.*,

                        Plaintiffs,

v.                                    Action No. 08:10–CV–1899—AW

JAMES MICHAEL HANNERS.

                        Defendant.

## MEMORANDUM OPINION

Pending before the Court is Defendant James Michael Hanner's Motion for a New Trial and Motion for Reconsideration[1] (Doc. No. 14, 10) and Plaintiffs' (Thomas Colonna, DTC Ventures, LLC, and Desencia Thomas) Motion to Strike Defendant's Motion to Dismiss and Answer (Doc. No. 12). Also pending in this case are Plaintiffs' Motion for Sanctions and a Protective Order (Doc. No. 30) and Defendant's Motion for Additional Sanctions against Plaintiff (Doc. No. 27). The parties have briefed the issues, and the Court deems that no hearing is necessary. The Court will address each motion *seriatim*.[2]

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Court will briefly recount the procedural history of this case. On July 14, 2010, Plaintiffs filed a petition to confirm an arbitration award against Defendant Hanners. (Doc. No. 1). The Court confirmed the arbitration award in this matter on September 2, 2010 (Doc. No. 7). After the Court's order confirming the arbitration award was entered, Defendant filed an answer to the petition to confirm arbitration. (Doc. No. 8). Defendant also filed a Motion to Dismiss the

---

[1] Defendant's motions are essentially requesting that the Court vacate its September 2, 2010 order, granting the Plaintiffs' motion to confirm arbitration. Accordingly, the Court will treat Plaintiff's Motion for a New Trial and Motion for Reconsideration as a Motion to Vacate.
[2] Also pending in this case is Defendant's Motion to Dismiss (Doc. No. 9).

original Complaint in this matter and a Motion for Reconsideration of the Court's September 2, 2010 Order.  In response, Plaintiffs filed a motion to Strike Defendant's Motion to Dismiss and Answer.  On October 1, 2010, Plaintiffs filed a Motion for a New Trial on the grounds that he had not been given the requisite amount of time to file responsive pleadings to the Complaint before the Court entered its final order in this matter.  On December 7, 2010, this Court issued an Order, directing the parties to Show Cause as to why this case should not be reopened to allow Defendant to file responsive pleadings to Plaintiffs' Complaint.  Plaintiffs responded to this Order on December 9, 2010 (Doc. No.22).  Defendant responded to this Order on December 13, 2010.  (Doc. No. 23).

On December 30, 2007, Defendant filed an Emergency Motion for Sanctions against Plaintiffs.  On March 1, 2011, Plaintiffs filed a Motion for Sanctions and Protective Order against Defendant. The Court will address these motions herein.

### I.     STANDARD OF REVIEW

In the Fourth Circuit, a Court can amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 2002).   Reconsideration is, however, an extraordinary remedy. *Pac. Ins. Co. v. Am.. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998).

### II.    ANALYSIS

In response to the Court's Show Cause Order directing the party to show cause as to why this case should not be reopened for failure to properly serve Defendant, Plaintiffs aver that "the appropriate Rules governing service were adhered to and that proper service was effectuated on

Respondent by regular mail in accordance with Rule 45 of the Commercial Arbitration Rules and F.R.C.P. 5(b)(2)(C) on July 14, 2010." (Doc. No. 22, at 3). Despite Plaintiffs' argument that they served Defendant on July 14, 2010, Defendant argues that he "was not served with proper service until Sunday, August 29, 2010, which was done by a private process server, in Rockville, Maryland. The Court entered judgment only 14 days later, after proper service of process was severed [sic], on Defendant, which was effected on September 2, 2010." (Doc. No. 14, at 1). The Court takes note of the certificate of service attached to the Petition to Confirm Arbitration, wherein Edward Tolchin certified that on July 14, 2010, he served Defendant with a copy of the Petition via First Class Mail. However, the Court does not know how to reconcile this certification with Michael Hansell's affidavit which asserts that "on or about September 24, 2010, [he] encountered Mr. Hanners personally and served him with the . . . Petition [to Confirm Arbitrator's Award and Enter Judgment on Defendant]." (Doc No. 22-11, at 1). There appear to be two different dates on which Plaintiffs are alleging that Defendant Hanners was served. Additionally, Defendant Hanners claims that he was not served until August 29, 2010 via a private process server. With these facts, it is not clear from the record when Hanners was in fact served. Exercising extreme caution, the Court will **VACATE** its September 2, 2010 Order Granting the Entry of the Confirmation Order and **REOPEN** this case. Moreover, because it is not clear when service of process was effectuated upon the Plaintiff, the Court will **DENY** Plaintiff's Motion to Strike. The Court recognizes that Defendant has filed an answer to the Petitioner's Motion to Confirm arbitration as well as a Motion to Dismiss Plaintiffs' Petition to Confirm Arbitration.[3] It does not appear as though Plaintiffs have had an adequate opportunity to respond to Defendant's Motion to Dismiss and Answer.

---

[3] The substance of Defendant's Answer and Motion to Dismiss appear to be requesting the Court to vacate the

While the Court will start anew and review the Plaintiffs' Petition to Confirm Arbitration and the Defendant's arguments and responses thereto, the Court will allow each party to submit additional briefings regarding their respective positions on Plaintiffs' Motion to Confirm Arbitration. In accordance with the corresponding Order to this Opinion, the Court will allow Plaintiffs to submit additional briefings responding to Defendant's Motion to Dismiss and Answer, and the Court will allow Plaintiff the opportunity to submit a reply brief to Defendant's response. The Fourth Circuit has pointed out, and this Court finds it important to note that "in seeking to vacate an arbitration award, of course, a[] [movant] 'shoulders a heavy burden.' *Patten v. Signator Ins. Agency, Inc.* 441 F.3d 230, 234 (4th Cir. 2006).

In addition to his Motion to Dismiss and Answer, Defendant has filed a Motion for a New Trial and a Motion for Reconsideration. As a basis for these motions, Defendant highlights that he has been ill and that the Court prematurely ruled on the Plaintiff's Petition to Confirm the arbitration award, not giving Defendant the requisite time to answer. The Court does not believe that Plaintiff has stated adequate grounds for a Motion for a New Trial, as no trial was held in this case. Moreover, the Court believes that vacating its September 2, 2010 moots both the Defendant's Motion for Reconsideration and Motion for a New Trial. Accordingly, the Court will **DENY-AS-MOOT** Defendant's Motion for a New Trial and Defendant's Motion for Reconsideration.

### a. Parties' Motion for Sanctions

Each of the parties has filed motions for sanctions against the opposing party. According to Defendant, "Plaintiffs Thomas and Colonna and/or their attorney filed a personal grievance

---

arbitrator's award, and therefore, the Court will treat these pleadings as a Motion to Vacate the arbitrator's award and in Opposition to Plaintiffs' Motion to Confirm Arbitration.

against [his] primary care physician, Peter Francis[,] fraudulently signing [his] name and submitting it as [his] act to the [Maryland] Board of Physicians & the Maryland Department of Health and Mental Health." (Doc. No. 27, at 3). Defendant has presented no compelling proof that Plaintiffs have engaged in the conduct alleged.[4] Accordingly, the Court will **DENY** Defendant's Motion for Sanctions. (Doc. No. 27).

Plaintiffs move for sanctions and a protective order on the grounds that "Respondent's pleadings have been, and continue to be, largely nonsensical and fail to state any grounds upon which relief can be granted." (Doc No. 30, at 2).[5] The Court recognizes Plaintiffs' frustration, but does not believe that at this juncture, Defendant's pleadings warrant sanctions or the institution of a protective order. However, the Court will consider imposing sanctions if it believes that future pleadings are filed for frivolous purposes. Therefore, the Court will **DENY** Plaintiffs' Motion for Sanctions and Protective Order.

### III. CONCLUSION

For the reasons stated above, the Court will **VACATE** its September 2, 2010 Order in this matter and **RE-OPEN** this case. Moreover, the Court will **DENY as MOOT** Defendant's Motion for a New Trial and Motion for Reconsideration. Additionally, the Court will **DENY**

---

[4] Other pleadings that Defendant Hanners has filed make several unsubstantiated claims related to Plaintiffs' misconduct, including allegations that the Plaintiffs' attorney wrote his landlord, telling the landlord that Defendant "stole things." (Doc. No. 26, at 4). Additionally, Defendant avers that Shoemaker (Plaintiffs' attorney) and his clients stalked him at his home by initiating video surveillance of Defendant at his home. *Id.* Finally, Defendant notes that "Attorney Shoemakers [sic] client Dee Thomas is an African American women, who earns approximately $500,000 a year or more, as a MD/radiologist. Her caucasian husband earns approximately $50,000.00 a year, stays home, cooks the meals & teaches college on line [sic]. She calls him 'Dracula' because he is up all hours of the night, constantly on his computer and ill tempered.'" *Id.* at 6. These highly irrelevant and uncorroborated claims demonstrate that Defendant's request for sanctions have no merit.

[5] Plaintiffs indicate that Defendant has a reputation for filing frivolous pleadings in the course of litigation.

Plaintiffs' Motion to Strike. Finally, the Court will **DENY** the parties' Motion for Sanctions. An Order consistent with this Opinion will follow.

Date: May 6, 2011                                 _____/s/_____
                                                  Alexander Williams, Jr.