IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

THOMAS COLONNA, *et al.*,

                                       Plaintiffs,

      v.                                   Action No. 08:10–CV–1899—AW

JAMES MICHAEL HANNERS.

                                       Defendant.

## **MEMORANDUM OPINION**

Pending before the Court is Defendant James Michael Hanners' Motion to Dismiss (Doc. No. 9) and Defendant's Motion to Continue (Doc. No. 39). The Court has reviewed the instant motions and deems that no hearing is necessary. The Court will address each motion *seriatim*. For the reasons stated below, the Court **DENIES** both motions.

The Court will briefly recount the procedural history of this case. On July 14, 2010, Plaintiffs filed a petition to confirm an arbitration award against Defendant Hanners. (Doc. No. 1). The Court confirmed the arbitration award in this matter on September 2, 2010 (Doc. No. 7). After the Court's order confirming the arbitration award was entered, Defendant filed an answer to the petition to confirm arbitration. (Doc. No. 8). Defendant also filed a Motion to Dismiss the original Complaint in this matter and a Motion for Reconsideration of the Court's September 2, 2010 Order. In response, Plaintiffs filed a motion to Strike Defendant's Motion to Dismiss and Answer. On October 1, 2010, Plaintiffs filed a Motion for a New Trial on the grounds that he had not been given the requisite amount of time to file responsive pleadings to the Complaint before the Court entered its final order in this matter. On December 7, 2010, this Court issued an Order, directing the parties to Show Cause as to why this case should not be reopened to allow Defendant to file responsive pleadings to Plaintiffs' Complaint. Plaintiffs responded to

this Order on December 9, 2010 (Doc. No.22). Defendant responded to this Order on December 13, 2010. (Doc. No. 23).

On December 30, 2007, Defendant filed an Emergency Motion for Sanctions against Plaintiffs. On March 1, 2011, Plaintiffs filed a Motion for Sanctions and Protective Order against Defendant. In an Order and Memorandum Opinion dated May 6, 2011, the Court directed Plaintiffs to file any supplemental briefing responding to Defendant's Motion to Dismiss and Answer within ten days from the date the Order was entered. The Court directed Defendant to file any supplemental reply brief to Plaintiffs' response within ten days of the entry of Plaintiffs' response. Plaintiffs responded to the Court's order on May 16, 2011. (Doc. No. 38). On May 23, 2011, Defendant filed a Motion to Continue to this case. (Doc No. 39).

## I. STANDARD OF REVIEW

The Fourth Circuit has held that the Federal Arbitration Act only allows a court to vacate an arbitration award on the following grounds: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. *Three S Delaware, Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007); *see also* 9 U.S.C. §10 (a). The Fourth Circuit also highlighted the common law grounds for vacating an arbitration award which "include those circumstances where an award fails to draw its essence from the contract, or the award evidences a manifest disregard of the law." 492 F.3d at 527 (citing *Patten v. Signator Ins. Agency, Inc.* 441 F.3d 230, 234 (4th Cir. 2006). In *Patten*, the Fourth Circuit

pointed out that "in seeking to vacate an arbitration award, of course, a[] [movant] 'shoulders a heavy burden.'" 441 F. 3d at 235 (quoting *Remmey v. PainWebber, Inc.* 32 F.3d 143, 149 (4th Cir. 1994). Moreover, "a federal court may vacate an arbitration award only upon a showing of one of the grounds specified in the Federal Arbitration Act or upon a showing of certain limited common law grounds." *Id.* at 234.

### 1. Motion to Dismiss

#### a. Personal Jurisdiction

As a preliminary matter, the Court will address Defendant's allegation that this Court does not have personal jurisdiction over him. "Federal Rule of Civil Procedure 12(b)(2) permits dismissal of an action where the court lacks personal jurisdiction. The plaintiff bears the burden of demonstrating personal jurisdiction by a preponderance of the evidence once its existence is challenged by the defendant. If, however, as is the case here, the court decides the jurisdictional question based solely on the motion papers, supporting legal memoranda, and the relevant allegations of the complaint, the plaintiff need only prove a *prima facie* case of personal jurisdiction . In deciding whether the plaintiff has proved a *prima facie* case, 'the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.'" *Rosario v. Wands*, No. 09-cv-663, 2009 WL 2986614 (E.D.Va. Sept. 17, 2009).

Defendant alleges that "pursuant to the operating agreements there is no personal jurisdiction over the defendant." (Doc. No. 9, at 3). Defendant does not inform the Court as to what "operating agreements" he is referencing, nor does he cite any provision from these purported "operating agreements" that prescribes personal jurisdiction. All indications from the pleadings demonstrate that this Court does have personal jurisdiction over the Defendant. The

Complaint in this matter states that Defendant is a citizen of Maryland.[1]  With this allegation, combined with Defendant's own admission that he was served in Rockville, Maryland (which appears to be Defendant's former home address from the pleadings) it appears that the Defendant has "certain minimum contacts with [Maryland] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice," *Consulting Eng'rs Corp. v. Geometric, Ltd.*, 561 F.3d 273, 277 (4th Cir.2009*); Wolf v. Richmond County Hosp. Auth.,* 745 *F.2d* 904, 909 (4th Cir.1984)*.*

### b. Motion to Stay or Transfer

In his Motion to Dismiss, Defendant requests that this Court abstain and stay or transfer this case to the jurisdictions where cases related to the one at bar are pending.  Specifically, Defendant alleges that an action related to the one at bar is pending in the Pike County, Missouri Circuit Court.  (Doc. No. 9, at 2).  On April 15, 2011, the Court directed the parties to submit supplemental briefings informing the Court as to how the pending litigation referenced in the pleadings relate or does not relate to the matter at bar.  (Doc. No. 33).  Both parties responded to the Court's Order.

Plaintiffs contend that in this Court's Confirmation Order, entered on September 2, 2010, the Court did not "specifically use the term 'Judgment' as is typically needed to institute collection proceedings and/or domesticate a formal judgment in other forums." (Doc. No. 34, at 2).  Defendants assert that for the sake of efficiency, they filed a new Petition to Enforce Award of Arbitrator and Enter Judgment in Montgomery County, Maryland. *Id.* at 2.  Moreover, Plaintiffs aver that the petition "went though all appropriate procedural channels pursuant to the Maryland Rules and in no, way, shape, or form did it ask for any relief different from that requested in this Honorable Court save for the use of the term 'judgment' in the Court's final

---

[1] Defendant has not contested this assertion from the Complaint.  On April 11, 2011, the Defendant notified the Court that he changed his address. His new address is in Pennsylvania, but at the time that this suit was filed, the pleadings demonstrate that the Plaintiff was a resident of Maryland.

Page **4** of **9**

Order." *Id.* Judge Thomas Craven of the Circuit Court for Montgomery County, Maryland entered judgment against the Defendant on December 2,2 010. *Id.* Plaintiffs contend that "Collections proceedings are underway in Montgomery County related to that judgment." *Id.* Additionally, Plaintiffs assert that there is no legal basis to prevent parallel tracks of collections litigation.

In the Plaintiffs' response to the Court's May 6, 2011 Order, Plaintiffs respond directly to the Missouri state court litigation that Defendant references in its Motion to Dismiss. Plaintiffs indicate that Defendant's reference to the Missouri litigation "is wholly irrelevant to the case at bar." (Doc. No. 38, at 2).[2] Plaintiffs also indicate that this case has been dismissed, and a review of the record in this case verifies Plaintiff's contention. *Id.*

Defendant alleges that there are four additional parallel cases pending. First, Defendant asserts that a state court appeal is pending before the Maryland Special Court of Appeals. (Doc. No. 35, at 3). Second, Defendant asserts that there is a case before the Eleventh Circuit, concerning a case that Defendant has filed against Plaintiff Tom Colonna "for conversion of certain key man life insurance policies and other property and for slander and libel." (Doc. No. 35, at 3). Third, Defendant asserts that there is currently a case before the Fourth Circuit which Defendant has filed against Plaintiff Dee Thomas, M.D. for malpractice. *Id.* Finally, Defendant asserts that Thomas Colonna is being investigated for filing a false complaint against James Hanner's physician. *Id.* at 4. Defendant also alleges that Plaintiff Colonna is being investigated for identity theft. *Id.* Defendant has presented no documentation evidencing this purported collateral litigation. Moreover, on the facts that Defendant presents regarding these supposedly

---

[2] Plaintiffs argue that the an order from the Missouri litigation, which Defendant attached to his Motion to Dismiss, "seemingly delineates the rights and obligations of a custodian for property located in Bowling Green, Missouri" and is "in direct contravention to the current status of that litigation in Missouri, but that litigation has been dismissed as of the filing of Respondent's recent pleadings." (Doc. No. 38, at 2).

collateral cases, these cases do not seem to be substantially related to the one at bar, thus failing to warrant a stay in the instant case.

The Court notes that "[t]he mere fact of concurrent state and federal proceedings does not however, without more, warrant abstention. Nor does the mere pendency of an action in the state court bar proceedings concerning the same matter in the federal court having jurisdiction. *Bernstein v. Hosiery Mfg. Corp. of Morganton, Inc.*, 850 F.Supp. 176, 182 (E.D.N.Y. 1994) (citing *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 813-16 (1976). Considering the fact that the matter at bar is an action to confirm the arbitration award, and the action in Maryland state court is seeking to enforce the judgment against the Defendant, the Court does not believe that abstention is warranted in this case. Moreover, as the related litigation in the Pike County, Missouri Circuit Court has been dismissed, the Court sees no compelling grounds to stay this matter. Finally, the Federal Circuit Court cases and the criminal investigations mentioned by Defendant seem unrelated to the matter at bar, and therefore, the Court does not believe staying the instant case is warranted based on the existence of these circuit court cases.

### c. Vacating Arbitration Award

Defendant moves to dismiss Plaintiffs' Petition to confirm arbitration on several grounds.³ First, Defendant contends that "the arbitration proceedings were not handled fairly" and that the "award was procured by 'corruption' 'fraud' and 'undue means' and by [sic] inappropriate arbitrator and declaration of a default by the 'out of control arbitrator', [sic] and arbitration process and denial of fundamental right to counsel and denial of defendant's timely continuance for medical reasons. . . ." (Doc. No. 9, at 2). Furthermore, Defendant alleges that

---

³ Defendant Hanners offers a litany of grounds on which to Dismiss Plaintiff's petition to confirm arbitration. The Court notes that the reasons offered are not listed in any particular order, nor are they presented with any justification accompanying them.

"the arbitrator and moving parties were 'guilty of misconduct' and the arbitrator has 'exceeded his powers.'" (Doc. No. 9, at 2). Defendant states the following additional grounds for vacating the arbitrator's award: (1) The arbitrator did not apply the provisions of the arbitration clause and the relevant state law; and (2) federal law was not appropriately applied, as required by the arbitration agreement in dispute. Additionally, Defendant requests that this Court stay this matter, as he alleges that there is ongoing litigation that is related to the matter at bar.[4] Moreover, Defendant argues that Plaintiffs have failed to comply with the notice provisions of Rules 1328 (b), 1329(e)(2), Section 7301, and 7341.[5]

Plaintiffs offer several procedural grounds for why the Court should deny Defendant's Motion to Dismiss, including the improper form of Defendant's pleadings, the fact that Defendant has filed a motion for a new trial, when no trial has been conducted, the untimely filing of Defendant's Motion for a New Trial, and Defendant's failure to file a certificate of service, *inter alia* (Doc. No. 22, at 7). The errors that Plaintiffs highlight are ones which the Court attributes to Defendant proceeding without the benefit of counsel. The Court will afford the defendant leniency with regards to these specific procedural defects, as Defendant is proceeding in this litigation as a *pro se* litigant.[6] The Court declines to deny the Defendant's motions on these grounds. However, considering the merits of Defendant's Motion to Dismiss, the Court finds that Defendant has failed to demonstrate that the arbitration award should be vacated.

As noted above, the Fourth Circuit has held that the Federal Arbitration Act only allows a court to vacate an arbitration award on the following grounds: (1) where the award was procured

---

[4] The Court has addressed this argument *supra*.
[5] Defendant does not state the source of the "notice" provisions that he cites.
[6] The Court believes that the procedural defects that Defendant has committed are minor and do not prejudice Plaintiffs. However, the Court cautions Defendant that further procedural errors may be fatal to Defendant's case.

Page **7** of **9**

by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. The Fourth Circuit also highlighted the common law grounds for vacating an arbitration award which "include those circumstances where an award fails to draw its essence from the contract, or the award evidences a manifest disregard of the law." 492 F.3d at 527 (citing *Patten v. Signator Ins. Agency, Inc.* 441 F.3d 230, 234 (4th Cir. 2006).

Defendant's Motion to Dismiss fails to make any showing on the grounds specified in the Federal Arbitration Act or the narrow common law grounds. Defendant makes a litany of bald faced allegations, offering no facts whatsoever to support his arguments that the arbitration award should be vacated. As such, Defendant has failed to meet his burden of showing that sufficient grounds exist to vacate the arbitration award at issue in this case. Accordingly, the Court declines to set aside the arbitration award in this matter, and will **DENY** Defendant's Motion to Dismiss and to Abstain and Stay or Transfer (Doc. No. 9). Moreover, as Defendant has not made a sufficient showing that the arbitration award in question should be vacated, the Court **GRANTS** the Petitioner's Motion for Entry of Confirmation Order (Doc. No. 6).

### d. Motion for Continuance

On May 23, 2010, Defendant filed a Motion to Continue, alleging that he was involved in a motor vehicle crash, in which his vehicle was totaled. (Doc. No. 39).[7] Defendant asserts that he will need at least six weeks to recover, and accordingly, requests a continuance of this case. *Id.* Over the course of this litigation and the arbitration proceedings giving rise to the instant litigation, Defendant has continually used medical problems to justify why he should be excused from participating in the litigation.[8] While Defendant may be hospitalized and unable to respond to the Court's May 16, 2010 Order, the Court believes that any further delay in this case would disrupt the efficient administration of justice. Moreover, the Court believes that there is sufficient information in the record to make a ruling on Defendant's Motion to Dismiss. Therefore, Defendant's Motion for a Continuance is **DENIED**.

## II. CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant's Motion to Dismiss (Doc. No. 9). Finally, the Court **DENIES** Defendant's Motion to Continue. (Doc. No. 39), and the Court **GRANTS** Petitioner's Motion for Entry of Confirmation Order (Doc. No. 6). An Order consistent with this Memorandum Opinion will follow.

Date: June 1, 2011                                  /s/
                                            Alexander Williams, Jr.
                                            United States District Judge

---

[7] During the week of May 16, 2011, the Court received a telephone call from a person who claimed to be Defendant's physician. This person informed the Court that Mr. Hanners had been hospitalized and would be unable to comply with the Court's order.

[8] In the Defendant's Motion for a New Trial, Defendant asserts, "Mr. Hanners has recently suffered a debilitating stroke . . . and will have to undergo very serious cardio vascular [sic] surgery, by the vascular surgeons, there, [sic] and will be further incapacitated and unavailable to defend himself in this matter, until he fully recovers from that surgery and the stroke." (Doc No. 14, at 3). In support of Defendant's Amended Response to the Court's December 7, 2010 Show Cause Order, Defendant attaches three identical notes from his physicians, which all state, "[I]t is my professional opinion that Mr. Hanners should not participate in any litigation at this time and I have ordered him not to participate in any litigation, [sic] at this time and to hold his exposure to outside stress to a minimum to prevent the possible reoccurrence of another major debilitating stroke." (Doc. No. 26-1). Additionally, in the arbitrator's Report of Preliminary Hearing and Scheduling Order, the arbitrator noted that the American Arbitration Association sent Mr. Hanners a letter, notifying him of a preliminary hearing, to which Mr. Hanners responded via letter that "because of an undetermined medical illness, his doctors had ordered him to 'not do any work whatsoever, until at least after May 21, 2010.'" (Doc. No. 13-1, at 1).